IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PEDRO PEREZ NERI,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Case No. 3:10-cv-00731-MA

OPINION AND ORDER

MICHELLE A. RYAN
Law Office of Michelle A. Ryan, LLC
K2 Building
1717 NE 42nd Avenue, Suite 2104
Portland, OR 97213

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
JACQUELINE KAMINS
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner Pedro Perez Neri, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus

1 - OPINION AND ORDER

proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

## BACKGROUND

On January 13, 2002, petitioner was involved in a motor vehicle accident when the pickup he was driving collided with another car, killing four of its passengers. Petitioner was charged with four counts of Manslaughter in the Second Degree, one count of Assault in the Third Degree, one count of Driving Under the Influence of Intoxicants, and one count of Reckless Driving. Following a jury trial, petitioner was convicted on all counts, and sentenced to a total of 301 months imprisonment and 36 months of post-prison supervision. The judgment was entered June 12, 2003.

Petitioner directly appealed his convictions. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Neri, 210 Or. App. 368 (2006), rev. denied, 343 Or. 224 (2007), cert. denied, 552 U.S. 1261 (2008). Petitioner filed a *pro se* petition for writ of *certiorari* in the United States Supreme Court, which denied the petition on March 17, 2008.

On May 16, 2008, petitioner filed a *pro se* petition for post-conviction relief in Malheur County Circuit Court. Petitioner was appointed counsel, who eventually withdrew at petitioner's request. The post-conviction court denied relief on March 16, 2009, and petitioner did not seek an appeal.

2 - OPINION AND ORDER

On April 1, 2009, petitioner filed a *pro se* "Subsequent Petition for Post Conviction Relief," in Malheur County Circuit Court. Petitioner obtained counsel, yet the petition was dismissed as successive under O.R.S. § 138.510(3) on respondent's motion. The Oregon Court of Appeals dismissed petitioner's appeal from that decision on petitioner's motion.

Petitioner filed the instant habeas corpus petition on June 24, 2010, alleging 15 grounds for relief. On July 28, 2011, petitioner filed an amended petition, asserting eight grounds for relief.

Respondent moves to deny all relief because petitioner's claims are time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Petitioner does not dispute that his claims are untimely. Nevertheless, petitioner submits that the merits of his claims should be considered because the statute of limitations should be equitably tolled.

I.   **The Petition is Untimely**.

The parties do not dispute that petitioner did not timely file his federal habeas petition, and they are correct. The AEDPA provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the statute, the one year period begins to run from the date the judgment becomes final at the conclusion of direct review "or the expiration of the time for seeking such review." Id. §

3 - OPINION AND ORDER

2244(d)(1)(A). A direct appeal becomes final upon the later of: (1) the expiration of the time for seeking review in the relevant state supreme court; or (2) if a petitioner seeks review in the Supreme Court, the conviction is affirmed or the petition for certiorari is denied. Gonzalez v. Thaler, 132 S. Ct. 641, 654-55 (2012); Hemmerle v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007), cert. denied, 555 U.S. 829 (2008). The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding or other collateral review. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

In this case, petitioner's conviction became final on March 17, 2008, when the Supreme Court denied his petition for certiorari, and the one-year limitations period began to run. 28 U.S.C. § 2244(d)(1)(A). On May 16, 2008, petitioner filed for state post-conviction relief, tolling the clock. (Resp. Ex. 110.); 28 U.S.C. § 2244(d)(2). Between March 17 and May 16, 2008, 62 days accrued on the limitations period.[1]

The post-conviction court entered a judgment denying relief on March 16, 2009, and petitioner's clock again began to run. Thus, petitioner had until January 13, 2010 to file his federal habeas

---

[1] The court notes that respondent inadvertently used May 1, 2008 instead of May 16, 2008 as the date petitioner filed his petition for post conviction relief, and incorrectly used the date of the post-conviction decision, March 10, 2009, instead of the date of the post-conviction judgment, March 16, 2009, when making calculations. See Resp. Ex. 110. The difference in dates is immaterial to the outcome of this case.

petition.² Because petitioner did not file the instant proceeding until June 24, 2010, well after the statute of limitations expired, his federal habeas petition is untimely.

## II. Petitioner Has Not Demonstrated That Equitable Tolling Is Jusitfied.

### A. Standards.

The United States Supreme Court has determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A petitioner is only entitled to equitable tolling if he can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)(internal quotations and citations omitted); Holland, 130 S. Ct. at 2563. A petitioner also must show that the extraordinary circumstances were the cause of his untimeliness and made it impossible to timely file his petition. Ramirez, 571 F.3d at 997; Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Spitsyn v. Moore, 345

---

²Although petitioner filed a second petition for post-conviction relief, the state court denied it as successive. Therefore, petitioner's second post-conviction proceeding was "improperly filed" and did not toll the AEDPA clock. 28 U.S.C. § 2244(d)(2); O.R.S. § 138.510(3); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010)("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition."); accord Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

F.3d 796, 799 (9th Cir. 2003); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 549 U.S. 1317 (2007).

**B.  Analysis.**

Petitioner argues that he is entitled to equitable tolling of the one-year AEDPA statute of limitations. Petitioner maintains that he was diligently pursuing his rights but his inability to read English, the lack of Spanish-language materials, and the lack of reliable translation assistance are extraordinary circumstances that prevented him from timely filing his habeas petition. I disagree for several reasons.

First, petitioner's contention that he was denied access to Spanish-language materials or translators is undermined by the record. In the exhibits submitted by petitioner, it is evident that the prison law library had two Spanish-speaking interpreters available, Eduardo Alvarez-Vega and Patrick Kelley. (See Pet. Exs. 205, 208.) Likewise, I reject petitioner's suggestion that translators were not available during the relevant time period. The record demonstrates that petitioner had three scheduled appointments with Mr. Kelley on November 10, 13, and 25, 2009, all prior to the limitations period expiring. (Pet. Ex. 201D, (#40-1) p. 7-8.) Because petitioner had access to a translator, he has not demonstrated that he is entitled to equitable tolling. Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006).

Second, petitioner's contention that his prison law library access was limited due to prison lockdowns and scheduling difficulties also is undermined by the record. Petitioner asserts that he is entitled to tolling during the following periods: April 6, 2008 to May 14, 2008; November 20, 2008 to December 2, 2008; December 18, 2008 to December 30, 2008; January 9, 2009 to February 2, 2009; February 5, 2009 to February 10, 2009; March 15, 2009 to April 1, 2009; and April 1 to April 7, 2009. However, the AEDPA clock was not running from May 16, 2008 to March 16, 2009, while his post-conviction proceeding was pending. Thus, the bulk of the time petitioner contends he was denied access to the prison law library occurred while the clock was statutorily tolled. He is not entitled to equitable tolling for the same period.

Turning to the time periods when the clock was running, the record shows that petitioner had five prison law library appointments cancelled between April 7 and May 6, 2008, and three appointments cancelled between March 23 and April 3, 2009 due to institutional lockdowns. (Pet. Ex. 202C (#40-2), p. 6, 30-31.) I find that these occasional limitations on his library access do not rise to an extraordinary circumstances, but rather appear to be ordinary prison limitations. Ramirez, 571 F.3d at 998 (prisoner's time in administrative segregation did not toll the limitations period).

7 - OPINION AND ORDER

This is particularly true in light of the fact that petitioner has identified *no* time between May 2009 and January 2010 - the final eight months of his one-year limitations period - where he was denied access to the prison law library. (Resp. Ex. 133.); see Mendoza, 449 F.3d at 1070 (petitioner must show that he was unable to procure assistance during the running of the AEDPA limitations period).

Third, petitioner's contention that he has limited English language proficiency is belied by the facts. Petitioner maintains that he is only able to speak English, but not able to read English, and therefore, the fact that he can communicate verbally in English is not relevant to his ability to read legal documents and write pleadings. I am not persuaded.

The record is replete with examples of petitioner's ability to communicate in English in writing, as well as verbally. Petitioner appears to have submitted numerous legal research requests in English to the prison law library. (See, e.g., Pet. Ex. 201D (#40-1), p. 10; Pet. Ex. 202C (#40-2) p. 31, 37.) Petitioner filed very lengthy and detailed *pro se* petitions for post-conviction relief. (Resp. Exs. 110, 122.) Even if petitioner needed help in drafting the legal documents that he filed *pro se*, he clearly was able to communicate with persons who helped him draft those documents. See Silva v. Oregon, 2009 WL 4505445 (D. Or. Dec. 2, 2009). And, at his first PCR trial, petitioner requested additional time to

8 - OPINION AND ORDER

investigate his case, and when that was denied, he made the argument that his consecutive sentences were improper because they were not based on facts found by a jury, all in English. (Resp. Ex. 120, p. 5.) At no point during that oral argument did petitioner ask the post-conviction judge for a translator. Id.

Lastly, even if petitioner could demonstrate that he was not proficient in English, he has failed to demonstrate the second element of "causation." Petitioner must demonstrate that the extraordinary circumstances have actually prevented him from filing his federal petition for equitable tolling to be warranted. Ramirez, 571 F.3d at 997.

Indeed, as detailed above, there is no evidence in the record before me that petitioner's access to the prison law library was limited in any way between May of 2009 and January of 2010, the final eight months of the one-year statute of limitations. And, although petitioner contends that the library did not have Spanish-language materials, the record does not reflect requests for such materials. While petitioner contends that the he did not have as much access to Spanish-speaking legal assistants as he would have liked, the record reflects that he was scheduled for assistance with a Spanish-speaking legal assistance on three separate occasions in November of 2009, prior to his limitations period expiring.

9 - OPINION AND ORDER

More critically, during the time that petitioner contends that his limited English language abilities prevented him from timely filing his habeas petition, he was able to file a lengthy, detailed second state post-conviction proceeding *pro se*. Thus, petitioner was able to access the courts. Silva, 2009 WL 4505445 at *1; Ramirez, 571 F.3d at 998 (prisoner not entitled to equitable tolling where evidence showed he filed other substantial legal documents during relevant time frame).

While it is unfortunate that petitioner mistakenly believed that his second post-conviction petition tolled the statute of limitations, any claim of ignorance does not constitute extraordinary circumstances warranting equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)(a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling).

Here, there are no facts presented by petitioner which suggest that equitable tolling is warranted. Because the record is sufficient for the court to make its determination, there is no need to develop the factual record and petitioner's request for an evidentiary hearing is denied. See Spitsyn, 345 F.3d at 802. Also, because my resolution of the statute of limitations issue is dispositive, I do not address petitioner's remaining arguments.

////

////

10 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#38) is DENIED, and this proceeding is DISMISSED, with prejudice.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 27 day of JUNE, 2012.

Malcolm F. Marsh
United States District Judge